**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IRINA GEVORKYAN, | No. 08-70438 |
| Petitioner, | Agency No. A075-703-288 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2011[**]

Before:     BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

Irina Gevorkyan, a native and citizen of Armenia, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's ("IJ") decision denying her application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. "This court reviews factual determinations, including credibility determinations, for substantial evidence." *Morgan v. Mukasey*, 529 F.3d 1202, 1206 (9th Cir. 2008). We deny the petition for review.

Even if we assume that Gevorkyan's asylum application was timely, substantial evidence supports the IJ's adverse credibility determination because the discrepancies between Gevorkyan's asylum application and her testimony concerning the circumstances of her detention and her daughter's death go to the heart of her claim. *See Desta v. Ashcroft*, 365 F.3d 741, 745 (9th Cir. 2004). The IJ reasonably found Gevorkyan's explanations for the discrepancies unconvincing. *See Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007). The adverse credibility determination is further supported by Gevorkyan's submission of fraudulent documents. *See Yeimane-Berhe v. Ashcroft*, 393 F.3d 907, 911 (9th Cir. 2004) ("[T]he use of a fraudulent document may, considering the totality of the record, lend support to an adverse credibility finding."). Accordingly, in the absence of credible testimony, Gevorkyan's claims for asylum and withholding of removal fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156–57 (9th Cir. 2003).

Because Gevorkyan's CAT claim is based on the same evidence that the

agency found not credible, and she points to no other evidence showing it is more likely than not she would be tortured if returned to Armenia, her CAT claim also fails. *See id.*

   **PETITION FOR REVIEW DENIED.**